IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**MARKEITH REYNOLDS,**                      No. 08-30172-DRH

**Defendant.**

### ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Now before the Court is Defendant Markeith Reynolds' Motion to Suppress Statements and Memorandum in Support (Doc. 50). Based on the following, the Court **DENIES** the motion.

On August 27, 2008, Reynolds was arraigned and given 21 days to file motions (Doc. 9). That date passed without any filing. On October 2, 2008, attorney N. Scott Rosenblum entered his appearance on behalf of Reynolds. Subsequently, on October 3, 2008, appointed counsel Daniel Schattnik filed a motion to withdraw as counsel because Reynolds had retained attorney Rosenblum as private counsel (Doc. 23). That motion was granted (Doc. 25). On October 23, 2008, Reynolds moved to continue the trial set for October 27, 2008 (Doc. 26); the Court granted the motion to allow Reynolds and attorney Rosenblum time to review discovery materials (Doc. 27). On November 24, 2008, Reynolds filed another motion to continue trial

(Doc. 30) which the Court granted (Doc. 31). On January 12, 2009, Reynolds filed a third motion to continue trial (Doc. 37) which the Court granted and continued the trial to its present trial setting of March 30, 2009 (Doc. 39). On March 18, 2009, Reynolds, without leave of Court, filed a motion to suppress evidence, over six months late of the motion deadline (Doc. 50).

## II. Analysis

**FEDERAL RULE OF CRIMINAL PROCEDURE 12(b)(3)(c)** requires that motions to suppress evidence be filed before trial. Rule 12(c) allows the Court to set a deadline for the parties to file pretrial motions, including motions to suppress, and permits the Court to set a motion hearing. Under Rule 12(e), however, "[a] party 'waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court sets." **FED.R.CRIM.P. 12(e)**. However, the district court may, for good cause, "grant relief from the waiver." **See *United States v. Salahuddin*, 509 F.3d 858, 860 (7th Cir. 2007) (quoting *United States v. Mancillas*, 183 F.3d 682, 703 (7th Cir. 1999)).**

Here, the Court set a deadline for pre-trial motions under Rule 12(c), and the Defendant failed to meet that deadline. He has thereby waived any Rule 12(b)(3) defenses or objections, unless the Court permits such filing upon a showing of good cause. No such showing has been attempted in the pending motion to suppress evidence. In fact, Defendant fails to explain either why the motion was filed untimely or why the Court should consider the motion on the eve of trial. Therefore,

the Court **DENIES** Defendant's motion as untimely.

In the alternative, the Court notes that on its face there is nothing in Reynolds' motion that demonstrates the need for an evidentiary hearing. **See** ***United States v. McGaughy*, 485 F.3d 965, 969 (7th Cir. 2007);** ***United States v. Villegas*, 388 F.3d 317, 324 (7th Cir. 2004) ("evidentiary hearings on motions to suppress are not granted as a matter of course but are held only when the defendant alleges facts which if proven would justify relief")**. Here, the motion demonstrates that Reynolds was not under arrest when interviewed and that he participated in the interview with agents voluntarily. Further, the motion clearly demonstrates that the hearing is sought for the purposes of a fishing expedition as defense counsel wishes "to develop facts at a suppression hearing." On the eve of trial, such a fishing expedition is clearly a discovery vehicle or, alternatively, a means to delay these proceedings. Therefore, the Court, in the alternative, **DENIES** Reynolds' motion to suppress statements.

### III. Conclusion

Therefore, the Court **DENIES** Reynolds' motion to suppress (Doc. 50).

**IT IS SO ORDERED.**

Signed this 24th day of March, 2009.

/s/     David R Herndon
**Chief Judge
United States District Court**