**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**


**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**MARKEITH REYNOLDS,**                        **No. 08-30172-DRH**

**Defendant.**

<u>**ORDER**</u>

**HERNDON, Chief Judge:**

Now before the Court are two motions filed by Markeith Reynolds. Reynolds has filed a Motion for Early Production of Jencks Act Materials (Doc. 47). Further, Reynolds has filed a Motion to Exclude Audio/Video Recordings and Transcripts (Doc. 56).

**A.     Jencks Act Materials**

Before the Court is Defendant Markeith Reynolds' Motion for Early Production of Jencks Act Materials (Doc. 47). Defendant requests early disclosure of Jencks materials so that he may be assured effective assistance of counsel without lengthy delays during trial to review such materials. Jencks material must be produced, upon request, after direct examination of the Government witness. See **18 U.S.C. § 3500(a)**. Although Defendant has asked for early disclosure of Jencks materials, the Jencks Act does not require disclosure of such materials until after the witness has testified. Further, Defendant has failed to demonstrate any

extraordinary need or prejudice occurring from the normal application of the rule. Therefore, the Court **DENIES** Defendant's motion for early production of Jencks Act materials (Doc. 47).

**B.      Motion to Exclude Audio Video Recordings and Transcripts**

Defendant Markeith Reynolds has also filed a  Motion to Exclude Audio/Video Recordings and Transcripts (Doc. 56).  Defendant argues that video and audio recordings made by a confidential source on April 18, 2007 have large portions which are unintelligible and of extremely poor quality and should be excluded as untrustworthy.  Further, Defendant argues that the transcript of the alleged controlled purchase should also be excluded because the transcript contains revisions by the confidential source who is not a reliable and independent source of information as to those conversations.   The Defendant also argues that the transcripts contain hearsay of both the source and the agents.  Defendant relies heavily on ***United States v. Singleton*, 125 F.3d 1097, 1105 (7th Cir. 1997)** for his proposition that the district court has discretion to admit recordings containing unintelligible portions and to allow transcripts to aid the jury.

The Court notes that Defendant is correct that a district court has broad discretion in both determining whether to admit a recording into evidence that includes inaudible portions and whether to allow the jury to be aided by a written transcript in listening to the recording. ***Singleton*, 125 F.3d at 1005.**  Further, "[a] recording that is partially audible or unintelligible is admissible unless the inaudible

portions are 'so substantial as to render the recording as a whole untrustworthy.'" **Id.** **(quoting** ***United States v. Powers***, **75 F.3d 335, 341 (7ᵗʰ Cir. 1996)); see also** ***United States v. Robinson***, **956 F.2d 1388, 1395 (7ᵗʰ Cir. 1992),** ***cert. denied***, **506 U.S. 1020, 113 S.Ct. 654 (1992).** However, the Court will have to defer its ruling until it has had a chance to view and listen to the audio/video recordings and transcripts in order to determine the extent to which the subject matter material is unintelligible as asserted by Defendant. Therefore, the Court **DEFERS ITS RULING** on Defendant's motion to exclude audio/video recordings and transcripts (Doc. 56).

Accordingly, the Court **DENIES** Defendant Reynolds' motion for early production of Jencks material (Doc. 47). Further, the Court **DEFERS ITS RULING** on Defendant's motion to exclude audio/video recordings and transcripts (Doc. 56).

**IT IS SO ORDERED.**

Signed this 24th day of March, 2009.

/s/      *David R Herndon*
**Chief Judge**
**United States District Court**